**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

GARCIA ESCOBAR VICTOR HUGO,

　　　　　Petitioner,

　　v.

PAMELA BONDI, *et al.*,

　　　　　Respondents.

Case No. 2:26-cv-00345-RFB-BNW

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Victor Hugo Garcia Escobar's First Amended Petition for Writ of Habeas Corpus (ECF No. 15). Mr. Garcia Escobar argues, *inter alia*, that his ongoing detention at the hands of Immigration and Customs Enforcement ("ICE") is unlawful under (i.) Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act (INA); and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Mr. Garcia Escobar a writ of habeas corpus, and orders Respondents to immediately release him from ICE custody.

## I.　　FINDINGS OF FACT

The Court makes the following findings of fact based on the Parties' undisputed factual allegations, and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

First, the Court finds that Mr. Garcia Escobar is a member of the Jacobo-Ramirez Class. While Respondents argue that Petitioner is not a member of the Jacobo-Ramirez Class, they do not identify which element of the Class he does not satisfy. See Federal

Respondents' Supp. Briefing 1, ECF No. 18. To the contrary, the government has not disputed any of the facts that the Court finds clearly establish Petitioner's class membership. First, Petitioner is an undocumented noncitizen who was arrested and detained by ICE, and he remains detained. See First Am. Pet. 2, ECF No. 15 [hereinafter, "Petition"]. Second, he is in removal proceedings before the Las Vegas Immigration Court, which is within the District of Nevada. See Federal Respondents' Response to First Am. Pet. [hereinafter, "Opposition], Ex. B (DHS Form I-862 Notice to Appear) [hereinafter "NTA"], ECF No. 16-2. Third, the Department of Homeland Security (DHS) alleges that Petitioner entered the United States without inspection, admission, or parole. See id. Fourth, Federal Respondents do not assert that he is or will be subject to detention under §§ 1226(c), 1225(b)(1), or 1231. See generally Opposition. On that note, despite this Court's order to so, Federal Respondents have identified no authority at all that authorizes Petitioner's detention; their briefing to-date is entirely devoid of any mention of any statutory detention authority under the INA, save for a single line in their supplemental briefing that reads: "Federal Respondents do not waive nor concede their prior litigated positions regarding 8 U.S.C. § 1225(b)(2)(A) and fully incorporate them herein for appellate purposes." Federal Respondents' Supp. Briefing at 1–2. Returning to the class definition, Petitioner was most recently arrested well within the country's interior, not while he was arriving in the United States, satisfying the fifth and final element. See Opposition, Ex. A at 4 (DHS Form I-213), ECF No. 16-2.

In addition, the Court finds Federal Respondents (i.) did not arrest Petitioner pursuant to a lawfully executed arrest warrant and (ii.) did not conduct an initial custody determination for Petitioner at the outset of his detention. This Court instructed Federal Respondents to produce records as to Petitioner that reflect Respondents' asserted basis for detaining Petitioner, including any arrest warrant or Form I-286 Initial Custody Determination. See Order 3, ECF No. 4. Because the government has produced no evidence nor argument of an initial custody determination or lawful arrest warrant, the Court concludes Petitioner was arrested and detained without these procedural protections.

///

## II.   CONCLUSIONS OF LAW

As a Jacobo-Ramirez Class member, Mr. Garcia Escobar is entitled to enforcement of the declaratory judgment and vacatur afforded to the Class by this Court. Well over three months ago, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799, at *33. Because Federal Respondents' only basis for detaining Petitioner is *seemingly* § 1225(b)(2)(A), his ongoing detention is unlawful under both the INA and this Court's class-wide declaratory judgment.

In addition, for reasons articulated in Ramirez v. Leyva, No. 2:26-cv-01219-RFB-EJY, 2026 WL 1893553, at *3–4 (D. Nev. June 30, 2026), which are incorporated by reference herein, the Court finds that Mr. Garcia Escobar must be released from government custody. The government's failure to perform an initial custody determination as to Petitioner at the outset of his detention and arrest him pursuant to a lawfully executed, signed warrant runs afoul of § 1226(a) and its implementing regulations, as well as this Court's declaratory judgment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022); Jacobo-Ramirez, 2026 WL 879799, at *33.

The Court further finds Petitioner is entitled to the procedures afforded under § 1226(a) not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment, for the reasons articulated in this Court's order in Quijay Garcia v. Mattos, 2:26-cv-01205-RFB-BNW, 2026 WL 1972386, at *7–14 (D. Nev. July 8, 2026), which the Court incorporates by reference as if fully set forth herein. Specifically, as explained in Quijay Garcia, the Court finds Petitioner's arbitrary arrest with a lawful warrant and detention without the pre-deprivation process encompassed in the initial custody determination requirement violates Petitioner's right to procedural due process.

Therefore, the Court finds Petitioner's detention has been unlawful from the moment it began under both the INA and due process, and immediate release—"the typical remedy" for "unlawful executive detention"—is appropriate here. See Munaf v. Geren, 553 U.S. 674, 693

(2008).

### III.    CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents must **RELEASE** Petitioner from detention on his own recognizance on **July 10, 2026,** between the hours of **12:00 and 3:00 p.m.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Petitioner must be released on his own recognizance. Thus, Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing.

**IT IS FURTHER ORDERED** Respondents must return Petitioner's personal property—including any personal identification and employment authorization documents—upon his release.

**IT IS FURTHER ORDERED** Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioner during the pendency of his/her current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under 8 U.S.C. § 1226(a) and its implementing regulations. At this hearing, the government must bear the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **July 13, 2026**, confirming Respondents' compliance with this Order including (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Court will consider contempt sanctions against any, and all, officials who fail

to comply with this Order.

The Clerk of Court is instructed to enter judgment and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** July 9, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**